# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **JON PAUL POWELL**, | Case Nos. 6:20-cv-01932-IM |
| Plaintiff, | 6:20-cv-01933-IM |
| | **ORDER** |
| v. | |
| **STEPHANIE RIDGLEY**, Provider; **JOSH O'HARA**, Nurse; **MRS. GARDNER**, Nurse; **DEPUTY MCCLURE**, | |
| Defendants. | |

**IMMERGUT, District Judge.**

Jon Paul Powell ("Powell"), a self-represented litigant in custody at the Coffee Creek Correctional Facility, brings these actions under 42 U.S.C. § 1983. Presently, Powell moves to proceed *In Forma Pauperis*. For the reasons that follow, the Court DISMISSES Powell's Complaints and DENIES his Applications to Proceed *In Forma Pauperis*.

///

///

PAGE 1 – ORDER

## BACKGROUND

On November 6, 2020, Powell filed a trio of lawsuits in this Court: the instant actions, *Powell v. Ridgley, et. al.*, Case No. 6:20-cv-01932-IM ("Case 1932") and *Powell v. McClure*, Case No. 6:20-cv-01933-IM ("Case 1933"), as well as *Powell v. Well Path Care, et. al.*, Case No. 6:20-cv-01934-IM ("Case 1934"). All three suits name, in some capacity, the same defendants — Well Path Care; Provider and Nurse Stephanie Ridgley; Nurse Josh O'Hara; Nurse Mrs. Gardner; and Deputy McClure (collectively, "Defendants") — and concern medical care provided to him at the Lane County Jail ("LCJ"), where he was then incarcerated. Additionally, Powell attached the same ten-page, handwritten letter to all three complaints, which purportedly explains "all details involving all defendants" in each of his cases. *See* Case 1934, Compl. (ECF No. 2), at 2 (explaining that defendants Ridgley, O'Hara, Gardner, and McClure "were 'all' involved in [Powell's] claims as [he has] filed separate claims but packaged as one," and requesting the Court to read the entire ten-page handwritten letter for details), Letter (ECF No. 2-1) at 1–10; *see also* Case 1933, Compl. (ECF No. 1) at 4 (requesting review of the handwritten letter as it "is very detailed of all incidents, dates, times, and defendants involved in this 'entire matter'"), 6–15; Case 1932, Compl (ECF No. 1), at 6 (referring the Court to the "entire contents of the handwritten letter as it explains all details . . . dates [and] times [and] names"), Letter (ECF No. 1-1), at 1–10.

On December 22, 2020, the Court granted Powell's Application to Proceed *In Forma Pauperis* in Case 1934 (ECF No. 6), and entered an order to issue process and directing service by the United States Marshals Service (ECF No. 8). The same day, the Court ordered Powell either to pay the filing fee or to submit an application to proceed *in forma pauperis* in Cases 1932 and 1933. Case 1932, ECF No. 4; Case 1933, ECF No. 4. Powell thereafter filed the instant

applications, and formally requested that the Court delay collecting any fees in Case 1932 or Case 1933 until January 2023. Case 1932, ECF No. 5, 6; Case 1933, ECF No. 5, 6.

## STANDARDS

This Court must dismiss an action initiated by an individual in custody seeking redress from a governmental entity or officer or employee, if the Court determines that the action (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 28 U.S.C. § 1915A(b). In order to state a claim, a plaintiff must allege facts which, when accepted as true, give rise to a plausible inference that the defendants violated the plaintiff's constitutional rights. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (holding that to survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'"). Powell is proceeding as a self-represented litigant, and therefore this Court construes the pleadings liberally and affords him the benefit of any doubt. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (noting that documents filed by a self-represented litigant must be liberally construed, and a self-represented litigant's complaint "must be held to less stringent standards than formal pleadings drafted by lawyers").

## DISCUSSION

### I.    Powell's Complaints

#### A.    Case 1934

In Case 1934, Powell proceeds against all Defendants, alleging that after undergoing hernia-repair surgery on August 12, 2020, the hospital prescribed him pain medication that was "taken away" upon his return to LCJ. Case 1934, Compl. at 4, 6. The LCJ medical staff instead provided him Tylenol[3], to which Powell claims he is allergic, and Meloxicam, which Powell

alleges was insufficient to manage his pain. *Id.*; Letter at 1, 3. As a result, Powell claims he "sustained another hernia and was made to endure all pain without proper pain medication." Compl. at 6. Powell further alleges that LCJ medical staff denied him comfortable bedding to aid his healing, gave him ice instead of heat, did not check to see how he was feeling for eight hours, made insensitive comments about his condition, and ordered him to carry things up a flight of stairs after he was reassigned from the Medical Segregation Unit. *Id.*; Letter at 1–4, 6, 7–9. Powell also alleges that Deputy McClure assaulted him after his surgery by throwing a roll of toilet paper that hit him on the right side of his face "with enough momentum and force to cause [him] to unexpectedly flinch and strain [his] already painful (very painful) stomach." Letter at 4–5. Powell seeks $600,000 in damages. Compl. at 6.

### B.    Case 1933

In Case 1933, Powell proceeds solely against McClure, alleging that "just hours" after enduring a painful hernia surgery on August 12, 2020, McClure "threw a full roll of toilet paper at [Powell] with enough force to make [him] flinch[.]" Case 1933, Compl. at 3, 9–10. Powell alleges that the roll of toilet paper hit him on the right side of his face, that it hurt, and that it caused him to strain his surgical injury. *Id.* Powell seeks $25,000 in damages and the removal of McClure from LCJ. *Id.* at 5.

### C.    Case 1932

In Case 1932, Powell proceeds against Ridgley, O'Hara, and Gardner, alleging that the hospital prescribed him "proper pain medication" after undergoing surgery on August 12, 2020, and instructed him to take all of it. Case 1932, Compl. at 3. Powell alleges that upon returning to LCJ, the medical staff took away the medication prescribed by the hospital and gave him Tylenol[3], to which he is allergic, Meloxicam, and Ibuprofen. *Id.* at 3–4; Letter at 1–3. Powell claims that

because he was "in massive pain from lack of proper pain medication" and "had no comfort to heal, . . . [he] ruptured [his] hernia." Compl. at 6. Powell also alleges LCJ medical staff denied him "proper and adequate bedding . . . to be relaxed and comfortable to heal properly[.]" *Id.* at 5. Powell seeks $600,000 in damages and the removal of all staff involved in his post-operative care. *Id.* at 7.

## II.    Duplicative Claims

Generally, a plaintiff has "no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant." *Walton v. Eaton Corp.*, 563 F.2d 66, 70 (3d Cir. 1977). Accordingly, a district court enjoys broad discretion "to dismiss a duplicative later-filed action, to stay that action pending resolution of the previously filed action, to enjoin the parties from proceeding with it, or to consolidate both actions." *Adams v. Cal. Dep't of Health Servs.*, 487 F.3d 684, 688 (9th Cir. 2007), *overruled on other grounds by Taylor v. Sturgell*, 553 U.S. 880, 904 (2008); *see also Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (noting that a court does not abuse its discretion by dismissing a complaint as frivolous under 28 U.S.C. § 1915(d) (now 28 U.S.C. § 1915(e)(2)(B)(1)) if it "merely repeats pending or previously litigated claims") (quoting *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988)); *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1370 (9th Cir. 1987) (finding as frivolous a complaint that involved the same parties and the same transactions as another pending action).

In Case 1932, Powell alleges that Defendants Ridgley, O'Hara, and Gardner "took away" the pain medication prescribed to him by the hospital after a hernia surgery, gave him unacceptable alternative medications instead, and failed to adequately care for him while he recovered. In Case 1933, Powell alleges that McClure assaulted him hours after surgery by throwing a roll of toilet paper that struck the side of his face and caused him to strain his surgical injury. It thus appears that all claims alleged in Cases 1932 and 1933 against Ridgley,

PAGE 5 – ORDER

O'Hara, Gardner, and McClure are virtually identical to those raised and currently pending against those same defendants in Case 1934. Accordingly, Cases 1932 and 1933 are frivolous and must be dismissed.

### III.    Powell's Applications to Proceed *In Forma Pauperis*

"A district court may deny leave to proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit." *Tripati*, 821 F.2d at 1370 (citing *Reece v. Washington*, 310 F.2d 139, 140 (9th Cir. 1962)). As explained above, Case 1932 and Case 1933 are duplicative of another action pending in this court, and therefore both are frivolous. Moreover, Powell's requests to delay payment for two years suggest that Powell seeks to rescind his consent to the Oregon Department of Corrections' withdrawal of funds from his prison trust account as required to proceed *in forma pauperis*. Accordingly, the Court also denies Powell's applications to proceed *in forma pauperis* in the instant cases.

### <u>CONCLUSION</u>

Based on the foregoing, the Court DENIES Powell's Applications to Proceed *In Forma Pauperis* (Case 1932, ECF No. 5; Case 1933, ECF No. 5), and DISMISSES Powell's Complaints (Case 1932, ECF No. 1; Case 1933, ECF No. 1), without prejudice.

**IT IS SO ORDERED.**

DATED this ___3rd___ day of February, 2021.

Karin J. Immergut
United States District Judge